IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC THOMAS WRHEL,

                Plaintiff,

v.

STATE OF WISCONSIN,
WISCONSIN DEPARTMENT OF REVENUE,
JOHN DOE, WISCONSIN DEPARTMENT OF
REVENUE EMPLOYEE, SHEREE ROBERTSON,
ATTORNEY FOR THE STATE OF WISCONSIN,
and JUDGE WILLIAM HANRAHAN,

                Defendants.

OPINION and ORDER

21-cv-38-jdp

---

    Eric Thomas Wrhel, appearing pro se, brings this lawsuit against the state of Wisconsin, the Wisconsin Department of Revenue, and various government employees seeking a tax refund, injunctive relief, and damages concerning the alleged miscalculation of his state taxes. In particular, Wrhel alleges that his 2016 income was incorrectly calculated by the Department of Revenue and he seeks damages and injunctive relief from actions taken by the Department of Revenue, Sheree Robertson, and Judge William Hanrahan as a result of this incorrect calculation.

    Wrhel has paid the full filing fee for this action, and therefore the complaint does not have to be screened under the in forma pauperis statue, 28 U.S.C. § 1915. Nonetheless, this court has the inherent authority to screen and dismiss the case sua sponte. *See Mallard v. U.S. Dist. Ct.,* 490 U.S. 296, 307–08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)

("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

Before I screen the complaint, I will address Wrhel's motion asking for my recusal because I exhibited "judicial negligence" and bias in a previous case of his, No. 16-cv-758-jdp. Dkt. 2. In the '758 case, I granted the United States' motion for summary judgment on Wrhel's claim under 26 U.S.C. § 7422 for refund of federal taxes collected because the IRS had already refunded Wrhel the amount that it had incorrectly collected. Dkt. 135 in the '758 case, at 11. I granted judgment in Wrhel's favor on his claim for damages under 26 U.S.C. § 7433 for IRS employees negligently violating its rules by sending notices to the wrong address. *Id.* at 15. But I rejected Wrhel's contention that he was entitled to damages for severe emotional harm he suffered from the IRS's actions. *Id.* at 20. I awarded him $400 in damages, the filing fee for the case. *Id.* at 21.

This is not the first time that Wrhel has asked for my recusal based on the proceedings in the '758 case. In case No. 19-cv-727-jdp, I denied a similar motion because he failed to show how my adverse rulings in the '758 case were the result of bias against him or any other improper reason. Dkt. 10 in the '727 case, at 2. Wrhel's current motion has the same problem. As I've explained to him before, recusal is not called for simply because I have made rulings that Wrhel disagrees with. *Id.* Because Wrhel does not provide a persuasive reason for my recusal, I will deny his motion.

As for Wrhel's current complaint, I must read his allegations generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept his allegations as true, *Bonte v. U.S. Bank*, N.A., 624 F.3d 461, 463 (7th Cir. 2010). Even applying these standards, I conclude that he fails to state a plausible claim for relief that may be heard by this court. Federal courts are

courts of limited jurisdiction. *Int'l Union of Operating Eng'rs Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Wrhel fails to allege diversity of citizenship because he says that he is a Wisconsin citizen and that he is suing the State of Wisconsin and agencies and employees of the state. Wrhel's complaint also fails to raise a federal question.

Wrhel sues the state of Wisconsin, its Department of Revenue, and various state employees. But much of the fact section of his complaint recounts the events of the '758 case, about his 2010 to 2013 federal taxes. Those events do not appear to have any relation to the actions of any named defendants in this case, so I will disregard those allegations.

Wrhel also says that the state incorrectly assessed him as having almost $500,000 in income in 2016, improperly issued a notice of wage garnishment to his employer, violated state regulations by beginning garnishment before 30 days after the initial notice, and filed an unlawful tax warrant in state court. I addressed these allegations in the '727 case and dismissed the case. Wrhel's claims are barred by the Tax Injunction Act, 28 U.S.C. § 1341, the state's sovereign immunity, and longstanding principles of comity preventing this court from considering actions under 42 U.S.C. § 1983 claims for damages over state-tax-related claims. As I explained to Wrhel in the '727 case, a taxpayer must exhaust his avenues for relief using state procedures before seeking review of the state court decision in the United States Supreme Court. Dkt. 10 in the '727 case, at 3.

Wrhel does include additional allegations beyond those presented in the '727 case, including that the Wisconsin Department of Revenue violated the Freedom of Information Act

by failing to respond to communications asking how the department calculated Wrhel's 2016 income and the identity of the employees reviewing Wrhel's 2016 tax forms. But the Freedom of Information Act is a federal statute that does not apply to state governments. *See, e.g.*, *Mabie v. United States Marshal's Serv.*, No. 18-CV-1276-JPG-SCW, 2018 WL 4401752, at *1 (S.D. Ill. Sept. 14, 2018). Wisconsin does have a similar law, the Wisconsin Open Records Law, but a violation of that law would give rise to a state cause of action, not a federal one.

Wrhel also alleges that Department of Revenue employees stole two 1099 documents from his files and that the department manipulated or altered information from these documents. Typically, this court reviews claims relating to theft of property by government officials under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. But Wrhel's allegations do not support a due process claim.

To state a procedural due process claim, Wrhel must allege that he (1) had a constitutionally protected property or liberty interest; (2) was deprived of that interest; and (3) was denied due process. *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 943–44 (7th Cir. 2010). He alleges enough to show a property interest in the documents and that state officials deprived him of that interest. But when, as here, a plaintiff alleges that the defendant's deprivation of property was "random and unauthorized" by existing policy, the deprivation does not violate the owner's right to due process if state law provides an adequate postdeprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 128–30 (1990). Wisconsin law provides civil remedies to individuals whose property has been converted by another. *See, e.g., Tyler v. Wick*, No. 14-cv-68-jdp, 2016 WL 5496631, at *6 (W.D. Wis. Sept. 29, 2016) (discussing postdeprivation remedies such as Wisconsin causes of action for conversion of property), *aff'd*, 680 F. App'x 484 (7th Cir. 2017). Because all Wrhel has alleged is that officials

4

committed random and unauthorized misconduct for which a predeprivation hearing would be impractical, postdeprivation remedies are all the process he was due. I will not allow him to proceed on a due process claim.

Wrhel alleges that Judge William Hanrahan of the Dane County Circuit Court was negligent for failing to verify information provided to him by the State of Wisconsin Department of Revenue. But even accepting these allegations as true, a judge is absolutely immune from liability for damages when performing judicial acts within the judge's jurisdiction. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). Wrhel doesn't state a claim against Judge Hanrahan.

Wrhel alleges that defendant Sheree Robertson, working as an attorney for the State of Wisconsin, "has chosen to obstruct, suppress evidence, and commit perjury." Dkt. 1, at 8. Given my analysis above, it is possible that Robertson has immunity for actions taken in tax or court proceedings. But Wrhel's allegations are so vague that I cannot tell how Robertson was involved in the events. Wrhel's vague, conclusory allegation isn't enough to explain what Robertson did to violate his rights. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must contain sufficient allegations to "state a claim that is plausible on its face"). So I will not allow him to proceed on a claim against Robertson.

Because Wrhel fails to state any federal causes of action, I cannot entertain any potential state-law claims he might bring under this court's supplemental jurisdiction. 42 U.S.C. § 1367. This case will be dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff Eric Thomas Wrhel's motion for my recusal, Dkt. 2, is DENIED.

2. This case is DISMISSED for Wrhel's failure to state a federal claim upon which relief may be granted.

3. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered June 3, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge